The Honorable Jamal N. Whitehead

FILED ___ ENTERED
___ LODGED ___ RECEIVED

APR 11 2025

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                DEPUTY

# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOSHUA REGAN,<br><br>　　　　　Defendant. | NO. CR25-061JNW<br><br>**PLEA AGREEMENT** |

　　　　The United States, through Acting United States Attorney Teal Luthy Miller and Assistant United States Attorney David T. Martin of the Western District of Washington and Joshua Regan and Regan's attorney J. Leonardo Costales enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11.

　　　　1.　　**Waiver of Indictment.** Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge brought by the United States Attorney in an Information.

　　　　2.　　**The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Information.

Plea Agreement - 1
United States v. Joshua Regan, CR25-061JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

      a.      Felon in Possession of Firearm, as charged in Count 1, in violation of Title 18, United States Code, Section 922(g)(1).

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

    3.    **Elements of the Offense.** The elements of the offense to which Defendant is pleading guilty are as follows:

      a.      The elements of Felon in Possession of Firearm, as charged in Count 1, are as follows:

*First*, the defendant knowingly possessed a Savage .22 caliber rifle;

*Second*, the Savage .22 caliber rifle had been transported from one state to another;

*Third*, at the time the defendant possessed the Savage .22 caliber rifle, the defendant had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year;

*Fourth*, at the time the defendant possessed the Savage .22 caliber rifle model 987, the defendant knew he had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year.

    4.    **The Penalties.** Defendant understands that the statutory penalties applicable to the offense to which Defendant is pleading guilty are as follows:

      a.      For the offense of Felon in Possession of Firearm, as charged in Count 1: A maximum term of imprisonment of up to 15 years, a fine of up to $250,000, a period of supervision following release from prison of up to 3 years, and a mandatory special assessment of $100. If a probationary sentence is imposed, the probation period can be for up to five years.

Plea Agreement - 2
United States v. Joshua Regan, CR25-061JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

5. **Immigration Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status.

Plea Agreement - 3
*United States v. Joshua Regan*, CR25-061JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty plea may entail, even if the consequence is Defendant's mandatory removal from the United States.

6. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

    a. The right to plead not guilty and to persist in a plea of not guilty;

    b. The right to a speedy and public trial before a jury of Defendant's peers;

    c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

    d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

    e. The right to confront and cross-examine witnesses against Defendant at trial;

    f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

    g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

    h. The right to appeal a finding of guilt or any pretrial rulings.

7. **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment

Plea Agreement - 4
United States v. Joshua Regan, CR25-061JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a.    The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

    b.    After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c.    The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

    d.    Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

8.    **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

9.    **Statement of Facts.** Defendant admits Defendant is guilty of the charged offense. The parties agree on the following facts:

    a.    On or about April 19, 2013, Regan was sentenced in King County Superior Court to 12 months and one day in custody—the bottom of the standard sentencing range—for Violation of the Uniform Controlled Substances Act – Delivery of Heroin. On or about July 17, 2013, the King County Superior Court

Plea Agreement - 5
*United States v. Joshua Regan*, CR25-061JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

issued an amended judgment and sentence to correct a clerical error, and Regan's sentence remained 12 months and one day in custody.

      b.      Regan was present at his April 19, 2013 sentencing, and since that date has known that he had been convicted of a crime punishable by imprisonment for a term exceeding one year and was prohibited from possessing firearms or ammunition.

      c.      On or about February 25, 2025, federal agents searched Regan's studio apartment pursuant to a valid search warrant. Regan was the sole resident of the apartment. He was not present when the search occurred.

      d.      Agents found the following firearms in the following locations at the apartment: (1) Savage .22 caliber rifle model 987 mounted over the bed, (2) Winchester Super X pump shotgun near the front door, (3) unserialized AR15 style rifle mounted over a closet, (4) unserialized 9mm Polymer 80 Glock clone next to the bed, (5) unserialized 9mm Sig Sauer 320 with forward grip next to the bed, (6) Wilson Combat 9mm pistol next to the bed, (7) 22 caliber Heritage revolver in the closet, (8) AR15 style rifle made by Eagle Arms with attached suppressor (i.e., silencer) in the closet, and (9) AR15 style rifle from Rock River Arms in the closet. Six of those guns were loaded.

      e.      Throughout the apartment, agents found more than 1,500 rounds of ammunition, including more than 600 rifle rounds designed to penetrate body armor and more than 40 pistol rounds designed to fragment upon impact. Some of that ammunition was loaded into the firearms described above. Agents also found dozens of gun parts and accessories, including multiple suppressors and body armor.

      f.      In the kitchen, agents found a bag containing more than a half-kilogram of a substance that field-tested positive for methamphetamine.

Plea Agreement - 6
*United States v. Joshua Regan*, CR25-061JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

g. Regan admits that on February 25, 2025, he knowingly possessed the firearms, ammunition, gun parts and accessories, body armor, and drugs described above; that each of the firearms had been shipped or transported from one state to another; that he knew each of the three unserialized firearms was not marked with a serial number; that he intended to distribute at least some of the drugs to another person; and that he possessed the firearms in connection with a felony drug crime.

h. On or about March 18, 2025, Regan was arrested by Seattle Police. He consented to a search of certain parts of the vehicle he was driving, and agents later searched the balance of the vehicle pursuant to a valid search warrant. In the vehicle was approximately 53 grams of a substance containing methamphetamine, more than 100 doses of LSD, approximately 6 grams of a substance containing heroin, approximately 4 grams of a substance containing crack cocaine, and two amphetamine pills, as well as indicia of drug distribution such as small baggies, a digital scale, and $1,920 in cash. Regan admits that he knowingly possessed the drugs and intended to distribute at least some of them to another person.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

10. **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

a. A base offense level of 20, because the 2013 drug conviction constitutes a felony conviction of a controlled substance offense, pursuant to USSG § 2K2.1(a)(4)(A).

Plea Agreement - 7
United States v. Joshua Regan, CR25-061JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

  b. A four-level increase to the base offense level because the offense involved nine firearms, pursuant to USSG § 2K2.1(b)(1)(B).

  c. A four-level increase to the base offense level because the Defendant knew that at least one firearm involved in the offense was not marked with a serial number or was willfully blind to or consciously avoided knowledge of such fact, pursuant to USSG § 2K2.1(b)(4)(B)(ii).

  d. A four-level increase to the base offense level because the defendant possessed a firearm in connection with another felony offense, pursuant to USSG § 2K2.1(b)(6)(B).

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

11. **Acceptance of Responsibility.** At sentencing, if the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

12. **Recommendation Regarding Imprisonment.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States agrees to recommend that the appropriate term of imprisonment to be imposed by the Court at the time of sentencing is a term of incarceration of no more than 87 months. Defendant is free to make any recommendation permitted by law. Defendant understands that these recommendations

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

are not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

13. **Forfeiture of Assets.** Defendant understands the forfeiture of property is part of the sentence that must be imposed in this case. Defendant agrees to forfeit to the United States immediately all of his right, title, and interest in any firearms and ammunition involved in or used in his commission of *Felon in Possession of a Firearm*, the offense set forth in Count 1 of the Information. All such property is forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), by way of Title 28, United States Code, Section 2461(c), and includes but is not limited to, the following firearms, firearm accessories, and ammunition seized on or about February 25, 2025:

  a. one Savage 22 caliber rifle model 987;
  b. one Winchester Super X pump shotgun;
  c. one unserialized AR15 style rifle;
  d. one unserialized 9mm Polymer80 handgun;
  e. one unserialized 9mm Sig Sauer 320 with forward grip;
  f. one Wilson Combat 9mm pistol;
  g. one 22 caliber Heritage revolver;
  h. one AR15 style rifle made by Eagle Arms with attached suppressor;
  i. one AR15 style rifle from Rock River Arms; and
  j. any associated ammunition, magazines, or accessories.

Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any

Plea Agreement - 9
*United States v. Joshua Regan*, CR25-061JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any such property in any federal forfeiture proceeding, administrative or judicial, which may be or has been initiated. Defendant also agrees he will not assist any party who may file a claim to this property in any federal forfeiture proceeding.

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, including any property in which Defendant has any interest or control, if that property constitutes firearms and associated ammunition involved in his commission of the offense charged in Count 1.

14. **Abandonment of Contraband.** Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband.

15. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States Attorney's Office for the Western District of Washington has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Plea Agreement - 10
United States v. Joshua Regan, CR25-061JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

16. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and/or (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant and/or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

17. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea required by this Plea Agreement,

Plea Agreement - 11
*United States v. Joshua Regan*, CR25-061JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable). This includes any procedural challenges to the sentence, including any claim that the procedure employed at sentencing violated Defendant's constitutional rights.

Defendant also agrees that, by entering the guilty plea required by this Plea Agreement, Defendant waives any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation or a claim of prosecutorial misconduct based on facts unknown or not reasonably discoverable prior to entry of the judgment of conviction.

Defendant acknowledges that certain claims, including certain claims for prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea, independently from this Plea Agreement. This waiver does not preclude Defendant from bringing an appropriate motion to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

Plea Agreement - 12
*United States v. Joshua Regan*, CR25-061JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

18. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

19. **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, or Defendant withdraws from this Plea Agreement after it has been accepted by the Court, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office; or (3) thirty days following the grant of a motion to withdraw from the Plea Agreement.

//
//
//

Plea Agreement - 13
*United States v. Joshua Regan*, CR25-061JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

20. **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 11th day of April, 2025.

JOSHUA REGAN
Defendant

J. LEONARDO COSTALES
Attorney for Defendant

AMY JAQUETTE
Assistant United States Attorney

DAVID T. MARTIN
Assistant United States Attorney

WDWA USAO.Plea Agr.Version 14.Released 08.30.2024

Plea Agreement - 14
United States v. Joshua Regan, CR25-061JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970